IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:07-CR-92-BO
No. 7:11-CV-67-BO

| | |
|---|---|
| SHAHZAD MATHUR,  Petitioner, | ) ) |
| v. | )    **O R D E R** |
| UNITED STATES OF AMERICA,  Respondent. | ) ) ) ) |

This matter is before the Court on Petitioner Shazad Mathur's Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255 [DE-29] as well as the Respondent's Motion to Dismiss [DE-33]. As set forth below, Respondent's Motion [DE-33] is GRANTED, Petitioner's § 2255 Motion is DISMISSED WITH PREJUDICE, and a CERTIFICATE OF APPEALABILITY is GRANTED as to the preliminary procedural question of the timeliness of Petitioner's collateral ineffective assistance of counsel claim under *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

## I. BACKGROUND

On December 10, 2007, Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute a controlled substance. [DE-15, 16]. On April 30, 2008, the Court imposed a sentence of 240 months of imprisonment, as well as other penalties. [DE-24]. Petitioner did not appeal the conviction or sentence.

On March 30, 2011, Petitioner filed a Motion to Vacate, Set Aside, or Correct his federal sentence pursuant to 28 U.S.C. § 2255[DE-30]. Petitioner's sole claim on collateral review alleges

that his attorney did not inform Petitioner of "the potential immigration consequences of his guilty plea . . . ." Petitioner contends that he "would not have entered his guilty plea had he been properly informed by his defense counsel regarding those immigration consequences." [DE-29 at 5].

On April 15, 2011, the Respondent filed a Motion to Dismiss and Incorporated Memorandum of Law [DE-33]. Respondent argues that the 2255 Motion should be dismissed for lack of jurisdiction, since Petitioner failed to timely file the Motion. In this posture, the parties' motions are ripe for adjudication.

## II. DISCUSSION

### A. Timeliness Of Petitioner's 28 U.S.C. § 2255 Motion

As a threshold matter, the Court must consider whether the Petitioner's § 2255 Motion is timely under The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Petitioner readily concedes [DE-30 at 1-2] that he did not file his § 2255 Motion within one year of the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Instead, Petitioner argues that he timely filed his Petition pursuant to 28 U.S.C. § 2255(f)(3) (triggering the one-year limitation period upon the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

2

Petitioner asserts that in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), the Supreme Court "initially recognized" the right he is advancing in his Motion, and that *Padilla* "is retroactively applicable to cases under collateral review." [DE-30 at 2]. Therefore, he contends, his Motion is timely.

The Court disagrees with Petitioner's contentions. Although *Padilla* announces a new rule, that rule has not been made retroactively applicable *by the Supreme Court* to cases on collateral review. Therefore, the relevant limitations period for filing the Petition is 28 U.S.C. § 2255(f)(1), not § 2255(f)(3). Unfortunately for Petitioner, under § 2255(f)(1), Petitioner's Motion is not timely.

1. *Padilla* Announces A New Rule

Neither party disputes that the Supreme Court's ruling in *Padilla* amounts to a "new rule" for purposes of 28 U.S.C. § 2255(f)(3). That new rule, the *Padilla* Court held, is that the Sixth Amendment's guarantee of effective assistance of counsel includes a right to be informed by defense counsel as to the consequences of a guilty plea regarding the defendant's immigration status and the risk of deportation. *Padilla*, 130 S. Ct. at 1483. This rule did not apply before *Padilla*. It is, accordingly, a "newly recognized" rule for purposes of 28 U.S.C. § 2255(f)(3).

2. Retroactivity Of The *Padilla* Rule

The dispute here is whether the new *Padilla* rule applies

3

retroactively to cases on collateral review. The retroactivity issue is governed by the principles set forth in *Teague v. Lane*, 489 U.S. 288 (1989).

Under *Teague*, a new rule may be considered retroactively only if it meets one of two exceptions. The first exception applies "'if the rule places a class of private conduct beyond the power of the State to proscribe, . . . or addresses substantive categorical guarante[es] accorded by the Constitution, such as a rule prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Frazer v. South Carolina*, 430 F.3d 696, 704 (4th Cir. 2005) (quoting *Saffle v. Parks*, 494 U.S. 484, 494 (1990) (citations omitted)). Neither party contends that the first *Teague* exception applies, since *Padilla*'s holding does not alter what conduct may be prohibited criminally. *See Doan v. United States*, WL 116811, *2-3 (E.D. Va. 2011) ("This exception is inapplicable here, as *Padilla* in no way alters the reach of any criminal law.")

"'The second [*Teague*] exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Saffle* at 495). Courts construe this second *Teague* exception narrowly; so narrowly, in fact, that newly discovered rights rarely fall within the exception's contours. *See Billings v. Polk*, 441 F.3d 238, 243 n.1 (4th Cir. 2006). In this case, the Court finds that *Teague*'s second

4

exception does not apply because *Padilla* did not announce a watershed rule that affects the fundamental fairness and accuracy of a criminal proceeding. Although *Padilla* announces a critical right of criminal defendants, it is doubtful that any "watershed" rules, for *Teague* purposes, remain to be discovered. *United States v. Sanders*, 247 F.3d 139, 248 (4th Cir. 2001) ("The Supreme Court has stated that it is unlikely that many such rules remain undiscovered."). The *Padilla* rule does not appear to be the type of right that falls into *Teague*'s narrow second exception of retroactively applicable rights.

Moreover, although the Fourth Circuit has not formally determined whether *Padilla* qualifies for retroactive treatment under § 2255(f)(3), at least one panel has noted, in an unpublished per curiam opinion, that "nothing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review." *United States v. Hernandez-Monreal*, 2010 WL 5027195, *2 n.* (4th Cir. 2010) (per curiam). And, the Court notes, that two district courts faced with the issue in this circuit have found that the newly created right cannot be applied retroactively. *Mendoza v. United States*, ___ F. Supp. 2d ___, No. 1:01-CR-214, 2011 WL 1226475 (E.D.Va., March 24, 2011); *Doan v. United States*, ___ F. Supp. 2d ___, No. 1:08-CV-958, 2011 WL 116811 (E.D.Va. Jan.4, 2011).

The Petitioner argues, however, that aside from the normal

5

*Teague* analysis, the language of *Padilla* itself strongly implies the Supreme Court's intent that the new *Padilla* rule be applied retroactively to collateral review cases. Petitioner contends that:

> [t]he *Padilla* Court specifically stated that it had "given serious consideration" to the idea that its decision would open the "floodgates" to new challenges regarding prior guilty pleas. However, the Court determined that, "[i]t seems unlikely that our decision today will have significant effect on those convictions *already obtained* as the result of plea bargains."

(Pet.'s Resp. In. Opp. Respndt.'s Mot. To Dismiss at 3) (citing *Padilla*). Petitioner contends that "[t]he above ['floodgates'] discussion would have been pointless," unless the Court intended that *Padilla* be applied retroactively. (Pet.'s Resp. In. Opp. Respndt.'s Mot. To Dismiss at 3). At least one district court has adopted Petitioner's reasoning as its own. *United States v. Hubenig*, 2010 WL 2650625, at *7 (E.D. Cal. July 1, 2010) ( "[i]f the Court intended Padilla to be a new rule which would apply only prospectively, the entire 'floodgates' discussion would have been unnecessary."

However, unlike the *Hubenig* Court, this Court is not persuaded by Petitioner's textual argument. The principal fault with the argument is that the language cited by Petitioner does not so decisively indicate that retroactivity was intended by the *Padilla* Court. Contrary to Petitioner's assertions, it is plausible that the *Padilla* Court's "floodgates" discussion demonstrates the Court's concern over a deluge of *prospective* ineffective assistance

6

charges, and not a concern over *retroactive* *Padilla* claims on collateral review. Contrary to Petitioner's assertions, the "floodgates" language cuts both ways. Consequently, the language provides flimsy, if any, support for retroactively applying the *Padilla* rule to cases on collateral review.

As a result, the Court finds that the rule announced in *Padilla* does not qualify for retroactive application under either *Teague* exception. Consequently, Petitioner's one-year statute of limitation for filing his § 2255 motion is tied to the date his conviction became final—April 30, 2008. *Sanders*, 247 F.3d at 142. Because Petitioner filed his § 2255 Motion well beyond one year after that date, this Court lacks jurisdiction to consider the Petition. The Petition is hereby dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

B.  Certificate Of Appealability

1.  A Certificate of Appealability Shall Issue

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the Petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

7

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both

(1) that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right, and

(2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds that a certificate of appealability is warranted. In this case, the Court

8

is dismissing Petitioner's constitutional claim of ineffective assistance of counsel on timeliness grounds. Absent this threshold procedural dismissal, Plaintiff's well-pled allegations establish a colorable claim of ineffective assistance of counsel. The Court finds, therefore, that jurists of reason would find, at the very least, that it is debatable whether the Petition states a valid claim of the denial of a constitutional right.

Moreover, given the uncertainty of the law with respect to the retroactivity of the *Padilla* rule, the Court further finds that jurists of reason could debate the propriety of the Court's dismissal of the Petition as untimely. Accordingly, the Court finds that the "two components" of *Slack* are established. A Certificate of Appealability shall issue.

2. The Reviewable Issues

A Certificate of Appealability must "indicate which specific issue or issues satisfy the showing required . . . ." 28 U.S.C. 2255(c)(3). Having reviewed the Petition, the Court finds that Petitioner has made a substantial showing of the denial of effective assistance of counsel. Because Petitioner has made a sufficient showing that his claim should proceed further, a Certificate of Appealability is hereby authorized as to a review of the preliminary procedural question of the timeliness of Petitioner's *Padilla* claim.

9

III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Respondent's Motion To Dismiss [DE-33] is GRANTED;

(2) Petitioner's § 2255 Motion [DE-29] is DISMISSED WITH PREJUDICE; and,

(3) A CERTIFICATE OF APPEALABILITY is GRANTED as to a review of the preliminary procedural question of the timeliness of Petitioner's *Padilla* claim.

DONE AND ORDERED, in chambers, this 23 day of May, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE